UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY CLARENCE KENNARD,

    Petitioner,

                                           Case No. 16-cv-12523
v.                                       Hon. Matthew F. Leitman

TONY TRIERWEILER,

    Respondent.
_____/

**<u>ORDER (1) DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL (ECF # 11) AND FOR ORAL ARGUMENT (ECF #12) AND (2) DIRECTING RESPONDENT TO FILE A RESPONSE TO PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING (ECF #15)</u>**

Petitioner Rodney Clarence Kennard is a state prisoner at the St. Louis Correctional Facility in St. Louis, Michigan. On July 5, 2016, Kennard filed a *pro se* petition for a writ of habeas corpus. (*See* ECF #1.) In the Petition, Kennard challenges his state-court conviction for first-degree, premeditated murder, Mich. Comp. Laws § 750.316(1)(a). The Michigan Court of Appeals affirmed Kennard's conviction, and on May 24, 2016, the Michigan Supreme Court denied leave to appeal.

In the Petition, Kennard contends that: (1) he was denied due process of law by the lengthy delay between the offense and his arrest; (2) the trial court denied him his right to present a defense when it denied his request for funds to hire experts, and

1

his trial counsel rendered ineffective assistance when counsel failed to renew that request; (3) the trial court denied him a fair trial when it refused to grant him and his co-defendant separate trials or separate juries; (4) the trial court abused its discretion and deprived him of his right of confrontation when it permitted a witness's prior recorded testimony to be read to the jury; (5) the trial court violated his right to confront his accuser when it admitted hearsay in the form of a witness's testimony from the preliminary examination; (6) the cumulative effect of the errors at his trial deprived him of due process; (7) his trial counsel rendered ineffective assistance when counsel failed to present impeachment evidence and failed to recall a prosecution witness; (8) the prosecutor committed misconduct when the prosecutor introduced false testimony at trial; (9) the trial court abused its discretion and deprived him of his right to confront witnesses when it limited his questioning of an important prosecution witness; (10) the trial court should have granted a mistrial due to the jury's inconsistent verdict; and (11) he was denied counsel at a critical stage of the proceedings when his counsel refused to investigate the case and refused to object to the prosecutor's misconduct and to the court's failure to control the proceedings. (*See* Petition, ECF #1.) Respondent insists that Kennard is not entitled to habeas relief on any of his claims. (*See* Response Br., ECF #10.)

On November 17, 2016, Kennard filed two motions with the Court: (1) a motion to appoint counsel (*see* ECF #11) and for oral argument (*see* ECF #12). On

February 7, 2017, Kennard filed a third motion for an evidentiary hearing. (*See* ECF #15.) Respondent has not filed a response to any of Kennard's motions. For the reasons stated below, the motions for appointment of counsel and for oral argument are denied without prejudice, and Respondent is ordered to file a response to Kennard's motion for an evidentiary hearing within twenty-one days.

# I

## A

In his motion for appointment of counsel, Kennard claims that he is unable to retain counsel, that his claims are complex and require the expertise of counsel, and that he has no direct access to the prison law library. (*See* ECF #11.) Kennard also insists that he is reliant on a legal writer to prepare his documents, that he has a limited education and no knowledge of the law, and that the ends of justice would be served by appointment of counsel. (*See id.*)

Prisoners have no constitutional right to counsel in a collateral attack on their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Furthermore, "habeas corpus is a civil proceeding," *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 269 (1978), and the "appointment of counsel in a civil proceeding … is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (affirming order denying prisoner's motion to appoint counsel in civil action). When determining whether exceptional circumstances exist, "courts

typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Id*. (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).

Here, Kennard has represented himself ably in this action, and the Court is not persuaded that the appointment of counsel is necessary or appropriate at this time. Therefore, Kennard's motion to appoint counsel (ECF #11) is **DENIED WITHOUT PREJUDICE**. The Court will reconsider Kennard's request for the appointment of counsel if the Court subsequently determines that an evidentiary hearing is necessary.

**B**

In his motion for oral argument, Kennard argues that oral argument would assist the Court in deciding the interesting questions presented in the Petition. (*See* ECF #12.) The legal arguments, however, are adequately presented in the pleadings, and the Court is not yet persuaded that oral argument is necessary. Accordingly, Kennard's motion for oral argument (ECF #12) is **DENIED WITHOUT PREJUDICE**. The Court will reconsider Kennard's motion for oral argument if an evidentiary hearing becomes necessary.

**C**

In his third and final motion, Kennard seeks an evidentiary hearing on any facts in dispute. (*See* ECF #15.) He contends that the state appellate court denied his motion to remand his case to develop a factual record on claims one through six

and that his other claims were not decided on the merits. (*See id.*)  Although the State urges the Court to deny any requests for relief, including any motions for an evidentiary hearing or oral argument, (*see* Resp. Br., ECF #7 at Pg. ID 218, 222), it has not filed a formal answer to Kennard's motion.  The Court would benefit from such a response before ruling on the motion. Accordingly, the Court **ORDERS** Respondent to file a response to Kennard's motion for an evidentiary hearing within **twenty-one (21) days** of the date of this Order.

II

For the reasons given above, **IT IS HEREBY ORDERED THAT** (1) Kennard's motions to appoint counsel and for oral argument (ECF #11 and #12) are **DENIED WITHOUT PREJUDICE** and (2) Respondent shall file a response to Kennard's motion for an evidentiary hearing (ECF #15) within twenty-one days.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  May 11, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(313) 234-5113