UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY CLARENCE KENNARD,

        Petitioner,

                                                Case No. 16-cv-12523
v.                                           Hon. Matthew F. Leitman

TONY TRIERWEILER,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S REQUEST FOR COPIES
OF COURT DOCUMENTS AND TO HOLD HIS HABEAS
PETITION IN ABEYANCE (ECF #20)**

Petitioner Rodney Clarence Kennard is a state prisoner in the custody of the Michigan Department of Corrections. On July 5, 2016, Kennard filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* ECF #1). Kennard challenges his state-court conviction for first-degree, premeditated murder, Mich. Comp. Laws § 750.316(1)(a).

In the petition, Kennard contends that: (1) he was denied due process of law by the lengthy delay between the offense and his arrest; (2) the state trial court deprived him of his right to present a defense when that court denied his request for funds to hire experts, and trial counsel rendered ineffective assistance when she failed to renew that request; (3) the trial court denied him a fair trial when it refused to grant him and his co-defendant separate trials or separate juries; (4) the trial court abused its discretion when it ruled that the prosecution had shown due diligence in attempting to produce a witness; (5) the trial

1

court violated his right to confront his accuser when it admitted hearsay in the form of a witness's testimony from the preliminary examination; (6) the cumulative effect of errors at his trial deprived him of due process; (7) trial counsel rendered ineffective assistance when she failed to present impeachment evidence and failed to recall a prosecution witness; (8) the prosecutor deprived him of due process and a fair trial by introducing false testimony at trial; (9) the trial court abused its discretion and deprived him of his right to confront witnesses when the court limited his questioning of an important prosecution witness; (10) the trial court should have granted a mistrial due to the jury's inconsistent verdict; and (11) he was denied counsel at a critical stage of the proceedings when counsel refused to investigate the case and object to the prosecutor's misconduct and the trial court's failure to control the proceedings. (*See* ECF #1.)

Respondent argues that Kennard has not exhausted his state court remedies for the second half of his second claim and his eleventh claim. (*See* Ans. to Pet., ECF #10.) On May 10, 2018, Kennard filed a request in which he asked the Court to stay consideration of his petition while he returns to state court and pursues post-conviction review with respect to his second and eleventh claims for relief. (*See* ECF #20.) Kennard also asked the Court to send him copies of certain documents in this case. (*See id.*)

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c). *See also Picard v. Connor*, 404 U.S. 270, 275-78 (1971). A federal court has discretion to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005).

2

After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275-76. The Court concludes that such a stay is warranted here.

Accordingly, **IT IS HEREBY ORDERED** that Kennard's request to hold his habeas petition in abeyance while he pursues state remedies for his unexhausted claims (ECF #20) is **GRANTED**. This stay is conditioned upon Kennard presenting his unexhausted claims to the state courts by filing a motion for relief from judgment in the Wayne Circuit Court by no later than **August 31, 2018**. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). If that court denies Kennard's motion, he must file timely appeals in the Michigan Court of Appeals and the Michigan Supreme Court. *See id.* The stay is further conditioned on Kennard's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within **60 days** of fully exhausting his state court remedies. If Kennard fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Kennard's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

Finally, because Kennard alleges that he is indigent and that the Michigan Department of Corrections lost or destroyed his file for this case, **IT IS FURTHER ORDERED** that the Clerk of the Court shall mail the following documents to Kennard at no expense to him: the Petition (ECF #1); the Response to the Petition (ECF #7); Kennard's Reply to the Response (ECF #10); the Motion to Appoint Counsel (ECF #11); the Motion for Oral Argument (ECF #12); the Order of Disqualification and Reassignment (ECF #14); the Motion for an Evidentiary Hearing (ECF #15); the Order denying the motions for appointment of counsel and for oral argument (ECF #16); the Response to the Motion for an Evidentiary Hearing (ECF #17); and the Order denying Petitioner's Motion for an Evidentiary Hearing (ECF #18).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 4, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 4, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764